IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 12, 2016

**STATE OF TENNESSEE v. PAMELA MOSES**

**Appeal from the Circuit Court for Shelby County**
**No. CT-004998-12     James F. Russell, Judge**

---

**No. W2014-02220-CCA-R3-CD  -  Filed May 4, 2016**

---

The *pro se* defendant, Pamela Moses, appeals the Shelby County Circuit Court's dismissal of her appeal of her convictions in the Bartlett Municipal Court for speeding and illegally parking in a handicapped parking space. Among other things, she argues that her notice of appeal was timely and that the trial court's dismissal for failure to prosecute was improper because she was not notified of her trial date, in violation of her substantive and procedural due process rights. Following our review, we affirm the judgment of the trial court dismissing the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT H. MONTGOMERY, JR., J., joined.

Pamela Moses, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; and David J. Lakin, Attorney for City of Bartlett, for the appellee, State of Tennessee.

**OPINION**

**FACTS and PROCEDURAL HISTORY**

To reach the Court of Criminal Appeals, this matter has navigated a torturous path.

On September 10, 2012, Officer J. Owen of the Bartlett Police Department cited the defendant for speeding 55 miles per hour in a 40 mile per hour zone and illegally parking in a handicapped parking space. On October 22, 2012, following a hearing before the Bartlett Municipal Court, the defendant was found guilty of both violations

and ordered to pay a $50 fine, plus court costs, for each conviction.[1]

On November 27, 2012,[2] the defendant filed a notice of appeal to the Shelby County Circuit Court.

On November 7, 2014, the Shelby County Circuit Court entered an order dismissing the appeal for lack of prosecution due to the defendant's failure to appear at the scheduled October 29, 2014 court hearing on the matter. In its order, the trial court noted that "[i]t further appear[ed]" that the defendant "may not have properly perfected her appeal from the Bartlett Municipal Court in which case this Court would lack jurisdiction to hear her appeal."

On November 7, 2014, the defendant filed a notice of appeal of the Shelby County Circuit Court's dismissal of her appeal to the Court of Appeals. On December 7, 2015, the Court of Appeals issued a memorandum opinion in which it concluded that it was without jurisdiction over the subject matter in the case because the defendant was charged with state law violations, rather than "violating municipal ordinances such that the appeal could be deemed civil in nature." City of Bartlett v. Pamela Moses, No. W2014-02220-COA-R3-CV, 2015 WL 7979221, at *1 (Tenn. Ct. App. Dec. 7, 2015). In a footnote, the court also questioned "whether the attempted appeal from the City Court judgment was timely where the judgment was entered on October 22, 2012 and the notice of appeal was filed on November 21, 2012." Id. at *1 n.4. Contemporaneously with its opinion, the Court of Appeals issued an order transferring the appeal to this court pursuant to Rule 17 of the Tennessee Rules of Appellate Procedure.

## ANALYSIS

The defendant contends that her notice of appeal of the Bartlett Municipal Court convictions was timely because it was filed "on the same day the judgment was entered." In support, she cites the November 21, 2012 date on which the Municipal Court, after a

---

[1] On February 19, 2016, the clerk of this court received two transcripts of proceedings of the Bartlett Municipal Court, which were sent by the clerk of that court at the request of the defendant: the October 22, 2012 hearing at which the defendant was found guilty of the offenses and the November 21, 2012 hearing at which the judge found that the defendant was not indigent for purposes of waiving the $250 appeal bond. This was in spite of our February 11, 2016 order in which we denied the defendant's motion that the record on appeal be supplemented by the Bartlett Municipal Court proceedings on the basis that there was nothing to show that the requested proceedings had been before the Shelby County Circuit Court as part of the defendant's appeal. Consequently, on March 2, 2016, we entered another order designating that the transcripts of the municipal court proceedings be stricken from the record.

[2] We note that the notice of appeal was signed by the municipal court judge on November 21, 2012, but was file-stamped November 27, 2012.

2

hearing, found that she was not indigent for purposes of paying the $250 appeal bond. She further contends that the Shelby County Circuit Court's dismissal of her appeal for lack of prosecution violated her substantive and procedural due process rights because, either due to administrative error or deliberate acts by the clerks, she was never provided with notice of the court date. In support of her suggestion that the lack of notice was deliberate, she asserts that the Shelby County Deputy Court Clerk pushed the "silent panic" button when he saw her in court on an unrelated matter on August 10, 2014, informing the armed officers who responded that he was in fear of the defendant because of rumors that she was a sovereign citizen.

The State responds by arguing that the circuit court's dismissal of the appeal was proper because the defendant's notice of appeal was untimely. In the alternative, the State argues that the circuit court properly dismissed the appeal for failure to prosecute because there is nothing in the record, other than the defendant's bare assertions in her brief, to show that she did not receive notice of her trial date. The State also notes that the local rules of practice for the Circuit Courts of the Thirtieth Judicial District provides that official notification of the setting of cases for trial is by posting of court calendars on the bulletin board of the clerk's office and/or on the clerk's official website, and that failure to receive a "courtesy" notice will not be recognized as grounds for a continuance. See Rule 16, Local Rules of Practice, Shelby County Circuit Courts.

Tennessee Code Annotated section 16-18-307 provides in pertinent part: "Notwithstanding any law to the contrary, any person dissatisfied with the judgment of a municipal court, in any case or cases heard and determined by the court acting pursuant to § 16-18-302(a), may, within ten (10) days thereafter, Sundays exclusive, appeal to the circuit court of the county, upon giving bond in the amount of two hundred fifty dollars ($250) for the person's appearance." Tennessee Code Annotated section 16-18-302 provides in pertinent part that a municipal court has jurisdiction "to enforce any municipal law or ordinance that mirrors, substantially duplicates or incorporates by cross-reference the language of a state criminal statute, if and only if the state criminal statute mirrored, duplicated or cross-referenced is a Class C misdemeanor and the maximum penalty prescribed by municipal law or ordinance is a civil fine not in excess of fifty dollars ($50.00)." Tenn. Code Ann. § 16-18-302(a)(2).

The record in this case reflects that the defendant did not file her notice of appeal of the October 22, 2012 action of the municipal court, which found her guilty of speeding and illegally parking in a handicapped space, until November 27, well beyond the ten-day limit for appealing the convictions. As such, we agree with the State that the circuit court's dismissal of the appeal was proper because it lacked jurisdiction in the matter. Accordingly, we affirm the judgment of the trial court dismissing the appeal.

3

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court dismissing the defendant's appeal.

_____
ALAN E. GLENN, JUDGE